IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 06-1308 (RMU) |
| THE DI DIS CORPORATION a/k/a The DiDis Corporation, *et al.* | ) ) ) | |

### ORDER AND JUDGMENT BY DEFAULT AGAINST DEFENDANTS

Upon consideration of the Complaint and Plaintiff's Motion for Entry of Judgment by Default, the supporting Memorandum, declarations and attached Exhibits, it appears to the Court that Defendants were served with process and have inexcusably, knowingly and willfully failed to appear, plead or otherwise defend, and the default against said Defendants having been entered, the Court **FINDS**:

A.  Defendants, The Di Dis Corporation a/k/a The DiDis Corporation ("Company") and Nicholas Distante ("Individual Defendant" and jointly with Company, "Defendants") are bound to a collective bargaining agreement requiring it to remit fringe benefit contributions and other sums to Plaintiff.

B.  Company has failed to remit to Plaintiff the fringe benefit contributions and other sums required by the collective bargaining agreement.

C.  The unpaid contributions due and owing by Company to Plaintiff are plan assets.

D.  Nicholas Distante ("Individual Defendant"), through his position as officer and sole shareholder of Company, he possesses and exercises the requisite authority and control and decision-making power over the distribution of Company's revenues including the unpaid contributions due and owing to the Plaintiff and, thus, is a fiduciary under ERISA.

172061-1

E.   Individual Defendant breached his fiduciary duty to Plaintiff by failing to pay the contributions that are and were due and owing to Plaintiff and, as a result, he is personally liable for all amounts due to Plaintiff.

Consistent with these findings, it is **ORDERED**:

1.   Plaintiff's Motion is Granted.

2.   Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and 29 U.S.C. §1132(g)(2)(A) through (E), judgment is entered in favor of Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund" or "Plaintiff"), and against Defendants, jointly and severally, in the amount of $165,329.54, which consists of the following:

(a)   Unpaid contributions in the amount of $72,833.15, due for the period December 2005 through June 2006;

(b)   Liquidated damages in the amount of $73,487.56;

(c)   Interest through September 30, 2006 in the amount of $4,055.82. The contribution amount in Paragraph 2(a) shall continue to bear interest as provided in 29 U.S.C. §1132(g)(2)(B) and 26 U.S.C. §6621, as from time to time amended, until the date of actual payment.

(d)   Late Fees in Late fees in the amount of $4,740.36;

(e)   $10,212.65, representing the attorneys' fees and costs incurred in the collection and enforcement of this action through September 12, 2006, in accordance with 29 U.S.C. §1132(g)(2)(D).

3.   Individual Defendant, Company, its owners, officers, agents, servants, attorneys and all other persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with

172061-1

the accompanying contributions and dues for all periods Defendants are obligated to do so under the collective bargaining agreement(s);

4. Within ten (10) days of the entry of this Order, Defendants shall fully and accurately complete and submit to the Plaintiff any and all outstanding remittance reports, including but not limited to reports and contributions for the period December 2005 through June 2006, together with a check for the full amount of the contributions and dues due, including interest and liquidated damages.

5. Within twenty (20) days of a request by Plaintiff or its counsel, Company shall make available to the designated representative of the Plaintiff all payroll books and related records necessary for Plaintiff to ascertain the precise amount of any delinquent contributions due and owing to Plaintiff for all periods in which Company is obligated to make fringe benefit contributions to the Plaintiff and Defendants shall bear the costs of said audit.

6. Plaintiff shall have the right to conduct future audits for all relevant periods, including the time periods covered by this judgment. Company shall be and hereby is restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by Plaintiff and shall produce all payroll books and related records requested by Plaintiff, including, but not limited to, payroll, wages, general ledger and cash disbursement records, compensation insurance audits and by other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to Plaintiff. Defendants shall pay Plaintiff any additional amounts found owing, plus such other amounts as set forth in the Agreement, the Agreement and Declaration of Trust of the Pension Fund, the International Painters and Allied Trades Industry Pension Plan, ERISA or any other applicable law.

172061-1

7. If additional delinquencies are discovered pursuant to the submission of the remittance reports or to the audit referred to above, or as a result of additional information that becomes available to the Plaintiff, the Plaintiff may apply to the Court for an additional or supplemental judgment reflecting any additional delinquencies, interest, liquidated damages, attorneys' fees and costs, pursuant to ERISA, 29 U.S.C. §1132(g)(2) together with any audit costs incurred by the Plaintiff.

8. If any such further action by the Plaintiff is required, it may apply to this Court or to the court in which enforcement is sought, for such further reasonable attorneys' fees and costs in addition to those set out in Paragraph 2(d) above. See, Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. Appx. 972 (3d Cir. 2003); International Painters and Allied Trades Industry Pension Fund v. H.W. Ellis Painting Co., Inc., No. 03-1125, slip. op. at *3 (D.D.C. February 10, 2004) (citing Free v. Briody, 793 F.2d 807 (7th Cir. 1986); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 867 F.2d 852 (10th Cir. 1989)).

9. If Defendants fail to comply with any of the terms of this Order, the Plaintiff may, in addition to pursuing the remedies provided for under Federal Rule of Civil Procedure 69, reopen this case upon motion to the Court and notice to the Defendants, and may at that time ask for further appropriate monetary and/or injunctive relief.

BY THE COURT

Date:_____   By: _____
                                                         Ricardo M. Urbina,      J.
                                                         United Stated District Judge

172061-1