# ARTICLE XXIX
# DURATION CLAUSE

1. This Agreement shall be in full force and effect from May 1st, 2002 to and including April 30th, 2007 and shall continue from year to year thereafter unless written notice of desire to cancel or terminate the Agreement is served by wither party upon the other not less than sixty(60) and not more than ninety(90) days prior to April 30th, 2007 or April 30th of any subsequent year.

2. Where no such cancellation or termination notice is served and the parties desire to continue said Agreement, but also desire to negotiate changes or revisions in this Agreement, either party may serve upon the other a written notice not less than sixty(60) and not more than ninety(90) days prior to April 30th, 2007, or April 30th of any subsequent contract year, advising that such party desires to revise or change terms or conditions of such Agreement. The respective parties shall be permitted all legal or economic recourse to support their requests for revisions if the parties fail to agree thereon. Nothing herein shall preclude the parties from making revisions or changes in this Agreement, by mutual consent, at any time during its term.

The undersigned Employer and I.U.P.A.T. District Council #4 agree to be bound by this Master Collective Bargaining Agreement Dated May 1st, 2002 through and including April 30th, 2007.

_[signature]_  7/11/02
**Employer-Corporate or Company**
THE DIDIS CORP
40 Greenleaf ST
**Address**

Rochester  NY  14605
**City**     **State**   **Zip**

(585) 288 9191
**Phone**

(___)_____
**FAX**

_____
**Tax I.D. Number**

_____
**Worker's Compensation Ins. Co.**

_____
**Worker's Comp. Ins. Policy No.**

_____
**Expiration date of Worker's Comp. Policy**

_[signature]_
**Employer Signature and Title**
President

_[signature]_
**For the Union**

5/1/02
**DATED:**

DIDIS CORP.

53

**EXHIBIT 2**

# MASTER

# COLLECTIVE BARGAINING

# AGREEMENT



RECEIVED JUL 2 2 2002 IUPAT PENSION FUND

### BY AND BETWEEN

### DISTRICT COUNCIL NO. 4

### AND

**THE PAINTERS, DECORATORS, AND CONTRACTORS ASSOCIATION OF BUFFALO NEW YORK**

**ASSOCIATION OF UNION PAINTING AND DRYWALL FINISHING CONTRACTORS OF CENTRAL NEW YORK**

**THE PAINTING CONTRACTORS OF NIAGARA FALLS NEW YORK**

**THE PAINTERS, DECORATORS AND CONTRACTORS ASSOCIATION OF ROCHESTER, NEW YORK**

**THE PAINTING CONTRACTORS OF OSWEGO, NEW YORK**

**THE LABOR RELATIONS SECTION OF THE NORTHERN NEW YORK BUILDERS EXCHANGE, INC. (WATERTOWN)**

**INDEPENDENT CONTRACTORS OF BINGHAMTON, NEW YORK**

### AND

**ANY INDEPENDENT EMPLOYER PARTY TO THIS AGREEMENT**

**5-1-02 to 4-30-2007**

## Table of Contents

|  |  | PAGE |
|---|---|---|
| ARTICLE I- | Recognition Clause | 1 |
| ARTICLE II- | Union Security Clause | 1-2 |
| ARTICLE III- | Territorial & Trade Jurisdiction | 2-3 |
| ARTICLE IV- | Administrative Dues Check-off | 3-4 |
| ARTICLE V- | Work day, Work week, Work rules, Holidays, Shifts and overtime | 4-6 |
| ARTICLE VI- | Regional Wage and Fringe Rates-Apprentices | 6-30 |
|  | Section 1. Territorial Jurisdiction by Region | 6-7 |
|  | Section 2. Bridge Wages & Fringe Benefits | 7-17 |
|  | Section 3. Commercial & Industrial Wage & Fringe Benefits | 18-35 |
|  | Section 4. Painter/Decorator Apprentice Schedule Wage & Fringe Benefits | 36-37 |
|  | Section 5. Taper/Drywall Finisher Apprentice Schedule Wage & Fringe Benefits | 37-38 |
| ARTICLE VII- | Political Action Together | 39 |
| ARTICLE VIII- | Tools | 39-40 |
| ARTICLE IX- | Out of Geographic Jurisdiction Work | 40-41 |
| ARTICLE X- | Payment of Wages | 41 |
| ARTICLE XI- | Trust Funds and Failure to make contributions | 41-43 |
| ARTICLE XII- | Apprenticeship, Journeyperson, Upgrading and Training Fund | 44-45 |
| ARTICLE XIII- | Employer Requirements | 46 |
| ARTICLE XIV- | Joint Trade Board & Grievance Proceedure | 46-48 |
| ARTICLE XV- | Management Rights | 48 |
| ARTICLE XVI- | Health and Safety | 48 |
| ARTICLE XVII- | Subcontracting | 48 |
| ARTICLE XVIII- | Struck Work & Picket Line | 49 |
| ARTICLE XIX- | Just Cause & Discrimination | 49 |
| ARTICLE XX- | Supremacy | 49 |
| ARTICLE XXI- | Preservation of Work | 49-50 |

| | | |
|---|---|---|
| ARTICLE XXII- | Hiring Procedure | 50 |
| ARTICLE XXIII- | Stewards | 50-51 |
| ARTICLE XXIV - | Past Practice Clause | 51 |
| ARTICLE XXV - | No Discrimination Clause | 51 |
| ARTICLE XXVI - | Accretion Clause | 52 |
| ARTICLE XXVII - | Successor Clause | 52 |
| ARTICLE XXVIII- | General Savings Clause | 52 |
| ARTICLE XXIX - | Duration Clause | 53 |
| **Signature Page** | | 53 |

# AGREEMENT

This Agreement is made and entered into this 1st day of May 2002, by and Between _____, hereinafter referred to as the Employer, and District Council #4 affiliated with the International Union of Painters and Allied Trades (I.U.P.A.T.), hereinafter referred to as the Union.

## BASIC PRINCIPLES

It is the intent and purpose of the Parties hereto that this Agreement shall promote and improve the Industrial and Economic relationship between the Employer and the Union, to eliminate unnecessary strike, lockouts, and other interference with production and set forth the Basic Agreement covering rates of pay, hours of work, and conditions of employment to be observed by the parties hereto.

## ARTICLE I
## RECOGNITION CLAUSE

The Employer acknowledges that the Union has offered to establish it's majority status by allowing the employer to examine authorization cards voluntarily executed by the employers eligible employees in the unit described in the CBA; The employer is satisfied that the Union has the support of a majority of the eligible employees in the appropriate unit to represent said employees for the purposes of collective bargaining and, further, the employer waives the opportunity to examine the authorization cards; and therefore, the employer recognizes pursuant to Section 9 (A) National Labor Relations Act, the Union as the sole and exclusive bargaining representative of the employees employed in the bargaining unit described.

All work described and covered by Section 6 of the I.U.P.A.T. Constitution, as outlined in Article III, Section 2 of this Agreement.

The employer agrees that the Union has been designated or selected for the purposes of Collective Bargaining by the majority of the employees in an appropriate unit, that said majority support has been demonstrated and that the Union is the exclusive representative of all employees in such a unit for the purposes of Collective Bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment.

## ARTICLE II
## UNION SECURITY CLAUSE

All present employees who are members of the Union on the effective date of this Agreement or on the date of execution of this Agreement, whichever is the later, shall remain members of the Union in good standing as a condition of employment. All present employees who are not members of the Union and all employees who are hired hereafter shall become and remain members in good standing of the Union as a condition of employment on and after the eighth day following the beginning of their employment, or on and after the eighth day following the effective date of this Agreement or the date of execution of this Agreement, whichever is later.

    A. The Employer recognizes the right of any Union Member to refuse to work with an Employee who has worked for a period more than 8 days and has not joined the Union, or

1

**SECTION 5** The employer will supply everything on all steel or industrial jobs.

# ARTICLE IX
# OUT OF GEOGRAPHIC JURISDICTION WORK

**SECTION 1.** The Contractor or the employer party to this Agreement, when engaged in work outside the geographical jurisdiction of the Union Party to this Agreement shall employ not less than 50% of the men employed on such work from the residents of the area where the work is performed or from among persons who are employed the greater percentage of their time in such area; any other shall be employed only from the Contractor's home area.

**SECTION 2.** The Employer party hereto shall, when engaged in work outside the geographic jurisdiction of the Union Party to this Agreement, comply with all of the lawful clauses of the Collective Bargaining Agreement in effect in said other geographic and executed by the Employers of the industry and the affiliated Local Union in that jurisdiction, including but not limited to, the wages, hours, working conditions, fringe benefits, and procedure for settlement of grievances set forth therein; provided however, that is to employees employed by such Employer from within the geographic Jurisdiction of the Union Party to this Agreement and who are brought into an outside jurisdiction, such employee shall be entitled to receive the wages and conditions effective in either the home or outside jurisdiction whichever is more favorable to such employees, and fringe benefit contributions on behalf of such employees shall be made solely to their home funds in accordance with their governing documents. This provision is enforceable by the Local Union or District Council in whose jurisdiction the work is being performed, both through the procedure for settlement of grievances set forth in its applicable Collective Bargaining Agreement and through the courts, and is also enforceable by the Union Party to this Agreement both through the procedure for settlement of grievances set forth in this Agreement and through the courts.

**SECTION 3.**    **Mileage Free Zones**

DC4
EN0178

| | |
|---|---|
| Buffalo | Binghamton BNO178 |
| Elmira | Ithaca 178 |
| Oneonta | Oswego 38 |
| Rochester (150) | Syracuse 65 |
| Utica | Watertown WT38 |

For all the work done within a 30 mile radius of the city limits of the above cities, no mileage expense shall apply. For all work outside those areas employees shall be compensated $.20 cents per mile for all miles from the nearest free radius border, to and from the jobsite. At the beginning of jobs where mileage will be or may not be in effect the Business Manager/Secretary Treasurer and the Employer will agree on the number of miles employers are to compensate for. When an Employer provides a vehicle for his/her Employee, no compensation for mileage is required. No member shall be required to travel an unreasonable distance to and from work. Employees working far enough away from home to warrant an overnight stay shall be provided with reasonable lodging plus $20.00 per day by the Employer. Employees will not be required to have more than 2 persons per hotel room.

40

SECTION 4. Employees working within the jurisdiction of District Council #4 shall be paid the higher of either their home regional wage rate and benefits or the regional wage rate and fringe benefits where the work is being performed. All fringe benefits shall be paid to each employees home Local Union fringe benefit funds.

# ARTICLE X
# PAYMENT OF WAGES

Employees shall be paid on the job weekly, not later than the close of the regular work day and not more than three days wages may be held at any time. Any Employee not receiving pay on the job site by the end of the regular work week shall be entitled to receive waiting time at the rate of straight time until such wages are received. Any Employee not receiving pay on the job site and required to go to the Employer's shop or office to receive pay shall be allowed sufficient time to travel to the Employer's shop or office, at the Employer's expense.

All wages shall be paid in cash or company check and shall be accompanied by a statement of gross earnings and any deductions legally made. Such statement shall show the Employer's name, the Employee's name, the hourly rate of pay, the dates and hours worked, all deductions made and the net amount due to the Employee. Wage payments shall conform with all applicable federal and state laws.

Employees who quit need not be paid until the regular pay day. In the case of discharge or lay off, the Employer has one(1) business day after the lay off or discharge to mail the check to the Employee. If the paycheck envelope is not postmarked within the one(1) business day of the lay off, the Employee shall be entitled to waiting time as stated above.

# ARTICLE XI
# TRUST FUNDS

**SECTION 1.** **I.U.P.A.T. Union and Industry Pension Fund**

The only agreement between the Employer(s) and the Union parties to this Agreement regarding pensions or retirement for employees covered by this Agreement is as follows:

1. (a) Commencing with the 1st day of May 2002 and for the duration of the Agreement, and any renewals or extension thereof, the Employer agrees to make payments to the IUPAT Union and Industry Pension Fund for each employee covered by this Agreement, as follows:

    (b) For each hour or portion thereof for which an employee works, the Employer shall make a contribution of $(see Article VI for amounts) to the above named pension fund; $__(see Article VI)__ to be allocated to the IUPAT Union and Industry Pension Plan and $__(see Article VI)__ to be allocated to the IUPAT Union and Industry Annuity Plan.

    (c) For the purpose of this Article, each hour worked, including hours attributable to show-up time, and other hours for which pay is received by the employee in accordance with the Agreement, shall be counted as hours for which contributions are payable.

41

(d) Contributions shall be paid on behalf of any employee starting with the employee's first day of employment in a job classification covered by this Agreement. This includes, but is not limited to, apprentices, helpers, trainees, and probationary employees.

(e) The payments to the Pension Fund required above shall be made to the IUPAT Union and Industry Pension Fund, which was established under an Agreement and Declaration of Trust, dated April 1, 1967. The Employer hereby agrees to be bound by and to the said Agreement and Declaration of Trust, as amended from time to time, as though he had actually signed the same.

2. The Employer hereby irrevocably designates as its representatives on the Board of Trustees such trustees as are now serving, or who will in the future serve, as employer trustees, together with their successors. The Employer further agrees to be bound by all actions taken by the trustees pursuant to the said Agreement and Declaration of Trust, as amended from time to time.

3. All contributions shall be made at such time and in such manner as the trustees require; and the trustees may at any time conduct an audit in accordance with Article V, Section 6 of the said Agreement and Declaration of Trust.

4. If an Employer fails to make contributions to the Pension Fund within twenty days after the date required by the trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provisions hereof to the contrary notwithstanding, and the Employer shall be liable for all costs of collection of the payments due together with attorney's fees and such penalties as may be assessed by the trustees. The Employer's liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no-strike" clause which may be provided or set forth elsewhere in this Agreement.

5. The Pension Plan and Annuity Plan adopted by the trustees shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions to the IUPAT Union and Industry Pension Fund as a deduction for income tax purposes.

### SECTION 2. Procedure for the Remittance of Funds and Administrative Dues Check-Off

A. (Regions 1 thru 4) On or before the 15th day of the month following the close of the preceding month's payroll, on a form to be provided by the Union, each Employer will list all of his Employees covered under this Agreement, and the amount of the total deductions withheld from the Employee's wages, pursuant to such authorizations, to the entity designated on the bottom of the Employer's Form. ( Example: April is due by the 15th of May)

All payments to the District Council No. 4 Trust Funds shall be paid no later than the 15th day following the end of the month for which payments are due. If payments are not made within the fifteen (15) days from the last day of the month, then the Union shall have the right to remove all Employees of the Employer signatory to this Agreement in any jurisdiction of District Council No. 4 from the job notwithstanding any other provision of this Agreement, including the no-strike clauses. Any Employer who fails to make payments within the 15 days shall also pay a service charge of 1 1/2 percent per month of the amount due, together with the costs incurred by the Trustees in collecting such delinquent accounts, including but not limited to, reasonable attorney's fees and court costs and disbursements in addition to the service charge of 1 1/2 percent per month.

B. Trust Fund Administrator(s) shall furnish monthly a list of the Employers delinquent to the Trust Funds to Trustees of the Trust Funds.

**SECTION 3.** *REGION 1 (BUFFALO), 2(Niagara Falls), 3(Olean), & 4(Jamestown) Trust Funds*

*Personal Account Plan(PAP)* .
Effective May 1, 2002 the Employers shall pay the following amounts for each hour worked to an Employee covered by this Agreement to the District Council No. 4 Personal Account Plan:
$ (see Article VI for amounts)

*Supplemental Unemployment Fund.*

Effective May 1, 2002 and for the duration of this Agreement, the Employer shall pay $1.05 each hour worked by an Employee covered by this Agreement to the District Council No. 4 Supplemental Unemployment Fund. (S.U.B.)

*I.U.P.A.T. J.A.T.F.*

Effective May 1, 2002 and for the duration of this Agreement, the Employer shall remit to District Council No. 4 the amount specified in Article VI per hour worked by to an Employee covered by this Agreement for the International Brotherhood of Painters and Allied Trades Joint Apprenticeship Training Fund. This is an Employer contribution.

*Labor Management Cooperation Fund.*

Effective May 1, 2002 and for the duration of this Agreement, the Employer shall remit to District Council #4, the amount specified in Article VI per hour worked by an Employee covered by this Agreement for the Labor Management Cooperation Fund. This is an Employer contribution.

*Painting and Decorating Contractors of America Industry Advancement Program (P.D.C.A.I.A.P.)* .

Effective May 1, 2002 and for the duration of this Agreement, the Employer shall remit to District Council #4, $.05 per hour worked by an Employee covered by this Agreement for the P.D.C.A.I.A.P. .

**SECTION 5.** *Region 5 (Syracuse)Central New York Painters and Allied Trades Trust Funds*

The Central New York Painters & Allied Trades Health, Pension and Annuity Trust Funds shall be supervised by a Board of Trustees. The Association of Union Painting and Drywall Finishing Contractors of Central New York shall appoint one(1) trustee and District Council No. 4 shall appoint one trustee. Rules and regulations pertaining to the operation of the Funds shall be promulgated by the Trustees in conformity with all laws governing trust funds and insurance coverage, and shall be equally binding on all Employees as well as Employers working under this Agreement.