UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED ) <br> TRADES INDUSTRY PENSION FUND ) <br> 1750 New York Avenue, N.W. ) <br> Washington, DC 20006-5387 ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> THE DI DIS CORPORATION ) <br> a/k/a  The DiDis Corporation ) <br> 40 Greenleaf Street ) <br> Rochester, New York 14609 ) <br> ) <br>     **and** ) <br> ) <br> NICHOLAS DISTANTE ) <br> 420 Pineville Lane ) <br> Webster, New York 14580 ) <br> ) <br>     **Defendants.** ) | Civil Action No. 1:06CV01308 <br><br> Judge: Ricardo M. Urbina <br> Deck Type: Labor/ERISA <br> (non-employment) |

## ANSWER

Defendants The Di Dis Corporation ("Di Dis") and Nicholas Distante ("Distante") (collectively the "Defendants"), by their attorneys, Boylan, Brown, Code, Vigdor and Wilson, LLP, as and for their Answer to the Complaint filed by the International Painters and Allied Trades Industry Pension Fund ("Plaintiff"), states as follows:

1.      The Defendants deny the allegations contained in paragraph 1 of the Complaint.

2.      The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, deny the allegations.

3.      The Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, deny the allegations.

5. The Defendants admit the allegation that Di Dis is a New York Corporation previously doing business at the address listed in the caption. To the extent that the remaining allegations contained in paragraph 5 of the Complaint constitute conclusions of law, the Defendants neither admit nor deny such allegations. To the extent that the remaining allegations contained in paragraph 5 of the Complaint constitute allegations of fact, they are denied by the Defendants.

6. The Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. The Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. The Defendants deny the allegations contained in paragraph 8 of the Complaint.

9. The Defendants neither admit nor deny the specific information contained in the formal documents attached as an exhibit and identified in paragraph 9 of the Complaint as their language speak for themselves. To the extent that the Plaintiff alleges Defendants agreed to that information and language, the Defendants deny those allegations.

10. The Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, deny the allegations.

12. The Defendants admit that on or about March 14, 2006 the Company and Individual Defendant executed an Installment Promissory Note in favor of the Fund and the

Individual Defendant executed a Personal Guarantee in conjunction with the Promissory Note. The Defendants deny the remaining allegations contained in paragraph 12 of the Complaint.

13. The Defendants incorporate by reference, as if fully rewritten herein, the admissions, allegations and denials contained in paragraphs 1 through 12 above.

14. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, deny the allegations.

15. The Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. The Defendants incorporate by reference, as if fully rewritten herein, the admissions, allegations and denials contained in paragraphs 1 through 15 above.

17. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, deny the allegations.

18. The Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. The Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. The Defendants incorporate by reference, as if fully rewritten herein, the admissions, allegations and denials contained in paragraphs 1 through 19 above.

21. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, deny the allegations.

22. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, deny the allegations.

23. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and, therefore, deny the allegations.

24. The Defendants admit the allegations contained in paragraph 24 of the Complaint.

25. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, deny the allegations.

26. The Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. The Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. The Defendants incorporate by reference, as if fully rewritten herein, the admissions, allegations and denials contained in paragraphs 1 through 27 above.

29. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and, therefore, deny the allegations.

30. The Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. The Defendants incorporate by reference, as if fully rewritten herein, the admissions, allegations and denials contained in paragraphs 1 through 30 above.

32. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, therefore, deny the allegations.

33. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, deny the allegations.

34. The Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. The Defendants incorporate by reference, as if fully rewritten herein, the admissions, allegations and denials contained in paragraphs 1 through 34 above.

36. The Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. The Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. The Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. The Defendants incorporate by reference, as if fully rewritten herein, the admissions, allegations and denials contained in paragraphs 1 through 38 above.

40. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and, therefore, deny the allegations.

41. The Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. The Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Upon information and belief the Defendants admit the allegations contained in paragraph 43 of the Complaint.

44. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and, therefore, deny the allegations.

45. The Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. The Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. The Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. The Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. The Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. In response to any and all factual allegations contained in the Complaint, which have not been addressed above, any such allegations are hereby specifically denied.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### DEFENDANTS ALLEGE AS FOLLOWS:

51. The Complaint and each and every count therein, fails to state a claim against the Defendants upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE
### DEFENDANTS ALLEGE AS FOLLOWS:

52. The claims asserted in the Complaint are barred, in whole or in part, by applicable statutes of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### DEFENDANTS ALLEGE AS FOLLOWS:

53. The Complaint should be dismissed due to improper venue and lack of personal jurisdiction over the Defendants. In addition, prior to the instant Action, Plaintiff filed a nearly identical Complaint against the Defendant requesting the same relief in the United States District Court, Western District of New York (Case No. 06-CV-0382A (Sc), a venue in which both parties and the plan fall within.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
### DEFENDANTS ALLEGE AS FOLLOWS:

54. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, laches and/or collateral estoppel.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
### DEFENDANTS ALLEGE AS FOLLOWS:

55. Plaintiff's claims are barred in whole or in part by the doctrines of res judicata and/or judicial estoppel.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
### DEFENDANTS ALLEGE AS FOLLOWS:

56.    Plaintiff has failed to exhaust its administrative remedies

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
### DEFENDANTS ALLEGE AS FOLLOWS:

57.    Plaintiffs have failed to plead fraud with particularity as required pursuant to Rule 9(b) of the FEDERAL RULES OF CIVIL PROCEDURE and failed to plead its necessary elements.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE
### DEFENDANTS ALLEGE AS FOLLOWS:

58.    Plaintiffs' Complaint fails to meet the pleading requirements of Rules 7, 8, 9, 10 of the FEDERAL RULES OF CIVIL PROCURE.

### AS AND FOR A FIRST COUNTERCLAIM AGAINST PLAINTIFF
### DEFENDANTS ALLEGE AS FOLLOWS:

59.    Defendants request that this Court exercise its discretion under ERISA §502(g), 29 USC §1132(g) to award reasonable attorneys' fees to the Defendants.

### AS AND FOR A SECOND COUNTERCLAIM AGAINST PLAINTIFF
### DEFENDANTS ALLEGE AS FOLLOWS:

60.    At all material and relevant times prior to this Action Di Dis possessed valid contractual relations with numerous and various customers.

61.    Plaintiff had actual and constructive knowledge of Di Dis' contractual relations and has intentionally engaged in a calculated scheme to interfere with Di Dis' business relations and induce a breach of said contractual relations by the Corporation's customers.

62.    Plaintiffs has contacted Di Dis Corporation's customers and directed them to no longer do business with Di Dis and to withhold all payments due and owing to Di Dis through existing contractual arrangements.

63. Defendants wrongfully induced various third parties to cancel or terminate their contractual relations with Di Dis Corporation, to the Plaintiff's benefits, and therefore caused Defendants to suffer a substantial loss of business and income.

64. By reason of the foregoing, upon information and belief, Plaintiff has interfered with Di Dis Corporation's contractual relations with the sole purpose of harming Defendants.

65. As a result of Plaintiff's tortious interference with Di Dis Corporation's contractual relations with its customers, Di Dis Corporation has been forced to cease operations and is no longer currently doing business.

64. Plaintiff's improper acts have significantly harmed Defendants' business and contractual relations, and Plaintiff is liable to Defendants for damages in the amount of $5,000,000.00, plus statutory pre- and post judgment interest.

**WHEREFORE**, Defendants respectfully requests the following relief:

A. The Court enter judgment dismissing the Complaint;

B. That the Court enter judgment declaring that Plaintiff is liable to the Defendants for their costs, disbursements and reasonable attorneys' fees;

C. The Court enter judgment against the Plaintiff in the amount of $5,000,000.00; and

D. For such other relief as may be just and proper.

        Respectfully submitted,

        **SHULMAN, ROGERS, GANDAL, PORDY & ECKER, P.A.**

Dated: October 20, 2006    By:   /s/ Michael J. Lichtenstein
        Michael J. Lichtenstein (Bar No. 419302)
        11921 Rockville Pike, Suite 300
        Rockville, Maryland 20852-2743
        (301) 230-5231
        Attorney for Defendants

C. Bruce Lawrence, Esquire
Boylan, Brown, Code, Vigdor & Wilson, LLP
2400 Chase Square
Rochester, New York  14604
TEL:   585-232-5300 x 256
Attorney for Defendants

## CERTIFICATE OF SERVICE

The following parties received electronic notice of this filing:

| Kent G. Cprek | kcprek@jslex.com |
| *Attorney for Plaintiff* | |
| | |
| Sanford G. Rosenthal | usdc-dc@jslex.com |
| *Attorney for Plaintiff* | |

　　　　　　　　　　　　　　　　　　　　　　   /s/   Michael J. Lichtenstein
　　　　　　　　　　　　　　　　　　　　　　Michael J. Lichtenstein

G:\75\CLIENTS\Boylan Brown\Pleadings\Answer.doc