IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED <br> TRADES INDUSTRY PENSION FUND <br><br> Plaintiff <br> v. <br><br> THE DI DIS CORPORATION <br> a/k/a The DiDis Corporation, *et al.* <br><br> Defendants | CIVIL ACTION NO. <br> 06-1308 (RMU) |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANTS' MOTION TO SET
ASIDE DEFAULT AND FOR LEAVE TO FILE ANSWER**

KENT CPREK
Bar No. 478231
SANFORD G. ROSENTHAL
Bar No. 478737
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0615/0669
Attorneys for the Fund

OF COUNSEL:
Jessica L. Tortella
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0669

174765-1

# TABLE OF CONTENTS

                                                            **PAGE**

TABLE OF AUTHORITIES ................................................................................................ i

INTRODUCTION ................................................................................................................ 1

STATEMENT OF FACTS .................................................................................................. 1

ARGUMENT ........................................................................................................................ 4

I.      THE DEFAULT JUDGMENT SHOULD BE ENTERED BECAUSE DEFENDANTS DO NOT HAVE A MERITORIOUS DEFENSE TO THE COMPLAINT, THE DEFAULT WAS DUE TO THE CULPABLE CONDUCT OF DEFENDANTS AND SETTING ASIDE THE DEFAULT WILL PREJUDICE THE PLAINTIFF… ................................................................................................... 4

          1.      Meritorious Defense ........................................................................................ 4

          2.      Culpable Conduct ............................................................................................ 8

          3.      Prejudice to Plaintiff……….......................................................................... 11

II.     DEFENDANTS' MOTION SHOULD BE DENIED FOR FAILURE TO COMPLY WITH LOCAL RULES. ……….......................................................................... 12

III. CONCLUSION ........................................................................................................ 13

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Accu-Weather, Inc. v. Reuters, Ltd.*, 779 F.Supp. 801 ...................................................................5

*Agathos v. Starlite Motel*, 977 F.2d 1500 ................................................................................7,8

*Alan Neuman Prod., Inc. v. Albright*, 862 F.2d 1388 ...............................................................8,9

*Coon v. Grenier*, 867 F.2d 73 .......................................................................................................5

*Dierschke v. O'Chesky*, 975 F.2d 181 ........................................................................................8,9

*Enron Oil Corp v. Diakuhara*, 10 F.3d 90 ....................................................................................5

*Hammer v. Drago*, 940 F.2d 524 ...............................................................................................8,9

*Harris v. District of Columbia*, 159 F.R.D. 315 ...........................................................................4

*Huge v. Long's Hauling Company*, 590 F.2d 457 ......................................................................12

*International Painters and Allied Trades Union and Industry Pension Fund v. H.W. Ellis Painting, Co., Inc.*, 288 F.Supp.2d 22 .........................................................................5

*Jackson v. Beech*, 636 F.2d 831 ............................................................................................4,8,10

*Jones v. Phipps* 39F.3d 158, 165 (7th Cir. 1994) ..........................................................................5

*Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 102 S.Ct. 851 ..........................................................8

*Keegel v. Key West & Carribbean Trading Co.*, 627 F.2d 372 ...................................................4

*Momah v. Albert Einstein Medical Ctr.*, 161 F.R.D. 304 .............................................................5

*Omega Builders*, 940 F.Supp. at 118 ............................................................................................5

*Pecarsky v. Galaxiworld.Com*, 249 F.3d 167 ..............................................................................5

*Phillips v. Weiner*, 103 F.R.D. 177 ..............................................................................................5

*Rockwell Transportation Services v. International Printing and Envelope Company*, 2002 U.S.Dist. LEXIS 8988 ............................................................................................11

*S.E.C. v. McNulty*, 137 F.3d 732 (2nd Cir. 1998), Cert. denied, 525 U. S. 931 ...................5

*Sheet Metal Workers' International Association, Local 206 v. West Coast Sheet Metal Co.*, 954 F.2d 1506 ...................................................................................8

*Southwest Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769 (9th Cir.1986), cert. denied, 479 U. S. 1065, 107 S.Ct. 951 ..............................................................8

*Trachtman v. T.M.S. Realty and Financial Services*, 393 F.Supp. 1342 ................5

*Whitaker v. District of Columbia*, 228 F.R.D.378 ..................................................4

### FEDERAL STATUTES

29 U.S.C. § 186(c)(5) ..............................................................................................1

29 U.S.C. §1002(37),(2) and (3) .............................................................................1

29 U.S.C. §1145. Section 515 .................................................................................7

29 U.S.C. §186(c) ...................................................................................................1

Fed. R. Civ. P. 55 ....................................................................................................4

Fed. R. Civ. P. 12(a)(1) and (f)................................................................................2

Local Rules 83.2 (c) ................................................................................................2

## INTRODUCTION

International Painters and Allied Trades Industry Pension Fund ("Plaintiff" or "Fund"), by and through its legal counsel, Jennings Sigmond, submits this Memorandum of Points and Authorities In Opposition to Defendants' Motion to Vacate Entry of Default and To Permit Filing of Answer and Counterclaims. Plaintiff submits there is no factual or legal basis for the Court to grant Defendants' Motion and, for the reasons set forth below, it should be denied in accordance with Plaintiff's proposed form of Order and Plaintiff's Motion for Entry of Judgment by Default should be granted.

## STATEMENT OF FACTS

Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Fund"), is a trust fund established under 29 U.S.C. §186(c)(5) and "multiemployer plan" and "employee benefit [pension] plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3). (*See* Complaint, ¶4). The Complaint in this matter was filed on July 24, 2006 seeking unpaid pension contributions. Defendants are The Di Dis Corporation a/k/a The DiDis Corporation ("Company") and Nicholas Distante ("Individual Defendant" and jointly with Company, "Defendants"). The suit also seeks a declaration that the Individual Defendant is a personally liable for all of the obligations of the Company to the Fund pursuant to the March 3, 2006 Note and Personal Guarantee (together "Settlement Agreement") (attached to the Complaint and the Motion for Entry of Default Judgment as Exhibits 3 and 4 and incorporated herein by reference). In addition, the suit is seeking a declaration that the Individual Defendant is a Fiduciary who breached his duty to the Fund and therefore, he is personally liable for the obligations of the Company to the Fund.

174765-1

The Complaint was served on Defendants on August 15, 2006. On September 5, 2006, the Fund's counsel received a fax with an attached Answer and Counterclaims from Defendants' attorneys, Devin L. Palmer, Esquire and C. Bruce Lawrence, Esquire. Plaintiff's counsel prepared a Motion to Strike Defendants' Answer for failure to comply with Rule 83.2(C) of the Local Rules of the United States District Court for the District of Columbia and Rule 12(a)(1) and (f) of the Federal Rules of Civil Procedure. Plaintiff's counsel attempted to file the Motion to Strike on September 7, 2006. The Motion to Strike Defendants' Answer is attached as Exhibit 1. Plaintiff's counsel was informed by Judge Urbina's Docket Clerk, Jacqueline Francis, that the Answer would not be docketed because Defendants were not represented by a member of the District of Columbia bar and as such the Motion to Strike could not be "linked" to anything on the ECF Docket. Hence, Defendants failed to answer the Complaint, or to otherwise defend this action, and Plaintiff filed a Request for Clerk's Entry of Default on September 7, 2006 and sent a copy to Mr. Palmer and Mr. Lawrence. Default was entered against Defendants on September 8, 2006. The Fund filed a Motion for Default Judgment on September 12, 2006. Defendants, on October 20, 2006, six-weeks after the Default was entered, filed an Answer, without a Motion, to the Complaint and then followed it up on October 24, 2006 with a Request to Vacate Entry of Default as required by this Court.

Defendants delayed taking any action in this case, requiring the Fund to enter default and prepare and file a motion for default judgment. However, this is not the first time that the Defendants have delayed this litigation. The Company incurred a contribution delinquency to the Fund and the Fund entered into a Settlement Agreement with the Defendants on March 3, 2006 in order to settle the delinquency *without litigation*. The Company owed the Fund contributions for the period December 2005 through May 2006, interest, liquidated damages, late

fees and attorneys' fees. The Fund agreed to conditionally waive liquidated damages ($58,920.93) in an effort to assist the Defendants in their repayment so long as they complied with all of the terms and conditions. Company and Individual Defendant signed a Promissory Note on March 14, 2006 for an installment payment plan to pay back the delinquency to the Fund which consisted of nine (9) monthly payments.

Defendants defaulted on the settlement agreement. They did not submit the contributions due for December 2005 and January 2006; in addition, they did not pay even one installment due under the Settlement Agreement. The Fund continued to try and settle the amounts due and cooperate without commencing litigation through June 2006. Defendants' failed to abide by the terms of the Agreement and failed to cure the defaulted Settlement Agreement and as a result, this lawsuit was filed, albeit, not until July 25, 2006, because of the Defendants' repeated delays. Defendants' refusal to comply with the settlement agreement resulted in a four month delay to the filing of the Complaint.

Defendants' current filing with the Court is just another example of their continued pattern of delay in the collection of the amounts due to the Fund which will prevent the Fund from ultimate collectibility of the debt owed.

## ARGUMENT

I. **THE DEFAULT JUDGMENT SHOULD BE ENTERED BECAUSE DEFENDANTS DO NOT HAVE A MERITORIOUS DEFENSE TO THE COMPLAINT, THE DEFAULT WAS DUE TO THE CULPABLE CONDUCT OF DEFENDANTS AND SETTING ASIDE THE DEFAULT WILL PREJUDICE THE PLAINTIFF.**

In making a determination whether to vacate the entry of default under Rule 55(c), courts consider and balance several factors in determining whether to set aside an entry of default for good cause shown. These factors include:

- whether the defendant has a meritorious defense;
- whether the default was the result of the defendant's willful conduct; and
- whether the plaintiff will be prejudiced if the default is lifted.

See, Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980) (quoting Keegel v. Key West & Carribbean Trading Co., 627 F.2d 372, 374 (D.C. Cir. 1980) (citing Fed. R. Civ. P. 55(c) ("Rule 55(c)")). While it is important for cases to be resolved on their merits, it is within the court's sound discretion to grant relief under Rule 55(c). Id. Defendants' do not make any allegations in support of their request to vacate the default and therefore, Defendants' motion is insufficient to satisfy the burden that must be met to have the default vacated.

Each of these factors shall be addressed separately.

1. **Meritorious Defense**

To demonstrate the existence of a meritorious defense, the Defendant must set out more than mere general denials or conclusory statements that a defense exists. Whitaker v. District of Columbia, 228 F.R.D. 378, 381 (D.D.C. 2005) (general denial insufficient to establish meritorious defense). This Court has held that a defense is meritorious if it contains "even a hint of a suggestion" which, if established at trial, would be a complete defense. See, Harris v.

District of Columbia, 159 F.R.D. 315,317 (D.D.C. 1995); International Painters and Allied Trades Union and Industry Pension Fund v. H.W. Ellis Painting, Co., Inc., 288 F.Supp.2d 22, 28 (D.D.C. 2003).    Although the movant is not required to demonstrate the likelihood of success on the merits, it must show a factual or legal basis to have its motion granted.  See, Coon v. Grenier, 867 F.2d 73, 77 (1st Cir. 1989); Pecarsky v. Galaxiworld.Com , 249 F. 3rd 167, 171 (2nd Cir. 2001); Trachtman v. T.M.S. Realty and Financial Services, 393 F. Supp. 1342, 1347 (E.D. Pa 1975).  Finally, to be "meritorious" the defense must be one which if proven will bar Plaintiff's recovery; that there will be an outcome different than the results achieved by default.  See S.E.C. v. McNulty,  137 F. 3d 732, 738 (2nd Cir. 1998), Cert. denied, 525 U. S. 931 (1998) (defendant must present facts that, "if proven at trial, would constitute a complete defense") (citing Enron Oil Corp v. Diakuhara, 10 F. 3d 90, 98 (2d Cir. 1993)); Momah v. Albert Einstein Medical Ctr., 161 F.R.D. 304, 307 (E.D. Pa. 1995);  Omega Builders, 940 F. Supp. at 118 (defendant must raise specific facts that would provide a complete defense); Accu-Weather, Inc. v. Reuters, Ltd., 779 F. Supp. 801 (M.D. Pa 1991); Phillips v. Weiner, 103 F.R.D. 177, 180 (D. Me 1984). A defendant must present specific facts to show that it can make out such a defense.  See, Jones v. Phipps, 39 F.3d 158, 165 (7th Cir. 1994).  The facts and law in this case simply do not support Defendants' claim of a meritorious defense.

Defendants do not allege in their Motion that they have any valid and meritorious defenses.  Defendants' statements in their out-of-time Answer are unsupported by any competent evidence and are contradicted by documents of record.  Defendants offer no evidence by way of affidavit, documents or otherwise to support these contentions.  Although Defendants did not plead meritorious defenses, Plaintiff must address two false claims which have been pled by Defendants in the Answer.

First, Defendants' Third Affirmative Defense in the Answer--Plaintiff filed an identical Complaint against the Defendants in the United States District Court for the Western District of New York ("New York Action") and therefore, this litigation is unnecessary and repetitive-- is erroneous. The plaintiffs in the New York Action are the International Union of Painters and Allied Trades Local Union No. 150 and its funds and the International Union of Painters and Allied Trades District Council No. 4 and its funds, as the Company has also failed to pay the amounts due to those plaintiffs as well, not the International Painters and Allied Trades Industry Pension Fund, which is the Plaintiff in this litigation. A true and correct copy of the New York Complaint, listing the plaintiffs is attached as Exhibit 2.

Defendants are obviously incorrect in this assumption. The New York Action does not include nor does it plead the amounts due to the Plaintiff. So, there is no likelihood of success on the merits of this "defense" and there is no factual or legal basis in which relief could be granted. This is not a meritorious defense and should not be taken into account when deciding the outcome of their Motion to Vacate Default.

Defendants' second counterclaim against the Plaintiff is also false and unsupported. At no time has the Plaintiff "intentionally engaged in a calculated scheme to interfere with…business relations and induce a breach ….by the Corporation's customers." It is in the Fund's best interest for the Company to continue operating because if the Company ceases operating and any judgment eventually obtained by the Fund would not be worth the paper it is written on for it would be uncollectible. This false allegation is just another of Defendants' stall techniques to take the focus off of themselves and their failure to pay amounts due and instead focus on baseless claims with no evidence to prove back-up the allegation. Defendants' allegation is not a meritorious defense and without providing supporting evidence to substantiate

this claim, a court could not find in their favor based on this accusation alone and therefore, it should also be ignored by this Court.

In contrast the Plaintiff has specifically detailed the debt owed by Defendants to the Fund and that Defendants' obligations have not been paid, including the sworn Declaration of Thomas Montemore, submitted as Exhibit 1 in support of Plaintiff's Motion for Entry of Default Judgment and copies of the Promissory Note and Personal Guarantee in which the Defendants signed and notarized, attached as Exhibits 3 & 4. (Montemore Declaration, ¶¶8-12). The Defendants have not submitted contrary affidavits or other evidence to contradict the Fund's statements of the amounts owed. Defendants have not presented any evidence that they do not owe the amounts which are pled in the Motion for Default Judgment. As such, this action should not be delayed any longer and Judgment should be entered in favor of the Plaintiff.

Finally, there are only three valid defenses to a suit for the collection of delinquency contributions under ERISA and Defendant fails to assert any of them. Congress enacted section 515 of the Employee Retirement Income Security Act ("ERISA") because the cost to plans of employer delinquency "detract[ed] from the ability of plans to formulate or meet funding standards and adversely affect[ed] the financial health of plans" and because "[re]course available under current law for collecting delinquent contributions [was] insufficient and unnecessarily cumbersome and costly." See, Agathos v. Starlite Motel, 977 F.2d 1500,1505 (1992) (citing 126 Cong.Rec. 23039 (1980) (remarks of Rep. Thompson); 29 U.S.C. §1145. Section 515 was designed to permit trustees of plans to recover delinquent contributions efficaciously. Id. To that end, courts recognize only three defenses that may be asserted by an employer against employee benefit trust funds: (1) the [fund] contributions themselves are illegal; (2) the collective bargaining agreement is void *ab initio*, as where there is fraud in the

execution of the agreement, and not merely voidable, as in the case of fraudulent inducement; and (3) the employees have voted to decertify the union as its bargaining representative, thus prospectively voiding the union's collective bargaining agreement. Agathos, 977 F. 2d 1500, 1505 (citing Kaiser Steel Corp. v. Mullins, 455 U.S. 72, 86, 102 S.Ct. 851, 861 (1982); Southwest Adm'rs, Inc. v. Rozay's Transfer, 791 F.2d 769, 773 (9th Cir.1986), cert. denied, 479 U. S. 1065, 107 S.Ct. 951 (1987); Sheet Metal Workers' Int'l Ass'n, Local 206 v. West Coast Sheet Metal Co., 954 F.2d 1506, 1509 (9th Cir. 1992)).

In the case at bar, Defendant has failed to assert any of the three valid defenses and there is no basis to vacate the default. The remainder of Defendants' Answer consists merely of general denials and conclusions of law. It is respectfully submitted that more is required. Defendants have failed to establish that they have any defense to this action which has any merit or even the slightest chance of success. Absent such a defense, there is no basis to vacate the default.

### 2.  Culpable Conduct

In determining whether to set aside entry of default, a Court must examine whether the defendant's conduct, in allowing the entry of default, was willful or intentional. Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980).

Several Circuits have held that once it is found that a failure to answer was intentional, there is no need to consider other factors and a willful failure to answer constitutes sufficient cause for the Court to deny a motion to set aside a default. See, Dierschke v. O'Chesky, 975 F.2d 181 (5th Cir. 1992); Alan Neuman Prod., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988); Hammer v. Drago, 940 F. 2d 524, 526 (9th Cir. 1991). The Courts have found that a party's conduct is culpable if he receives actual or constructive notice of the action and

intentionally fails to answer the complaint. See, Alan Neuman, supra, at 1392,; Hammer, supra, at 526. Defendants have repeatedly and willfully chosen to ignore this case, not only in the failure to file an Answer but also by failing to retain counsel in a timely manner to file a proper Answer and in their failure to properly plead their Motion to Vacate. As in Dierschke, Defendants here have chosen to play games with the Court. See, Dierschke, supra, at 183. Defendants should not be able to use the Court's process to abuse the Court's process. The Court should not condone Defendants' willful conduct by now permitting the default to be opened.

Defendants conduct was willful in allowing the entry of default. Defendants acknowledged the debt and the failure to make payment as evidenced by the Promissory Note, Personal Guarantee ("Settlement Agreement") and ongoing correspondence between the Defendants and the Fund from at least February 2006. Defendants were informed by the Fund that they defaulted on the Settlement Agreement and failure to respond would result in referral to an attorney for collection. The June 14, 2006 Letter is attached as Exhibit 3. Defendants failed to cure the default.

Defendants and their counsel had knowledge of and are responsible for delaying this case and for failing to Answer the Complaint, Entry of Default and Motion for Default Judgment. Defendants were served with summonses and copies of the Complaint on August 15, 2006. Defendants did not file a timely, proper Answer. Defendants' counsel was sent via first class mail, a copy of the Plaintiff's Request for Entry of Default on September 7, 2006. Defendants did not contact the Fund or its counsel at any time and did not respond to the Entry of Default. On September 12, 2006, the Fund filed a Motion for Default Judgment and sent copies to the Defendants, Mr. Distante, the Company and the known attorneys, Mr. Palmer and Mr. Lawrence,

in an effort to ensure that all parties involved were aware of the status of the litigation. As such, Defendants were aware that the Motion had been filed. Defendants and their counsel failed to respond until six weeks after the filing of the Motion for Default Judgment and almost two months after the expiration of time to answer. Furthermore, the Defendants and their counsel have not provided any reason why the Answer was not properly filed on time.

A court will generally consider the extent to which the error is attributable to defendant's counsel exclusively. <u>Jackson v. Beech</u>, 636 F. 2d 831 at 836. Here, both the Defendants and their counsel must bear the blame. Defendants' counsel is to blame for its submission of a pleading in a Court to which counsel is not admitted to practice. Mr. Palmer and Mr. Lawrence admit contacting the Court by letter dated September 11, 2006 and were informed that the Answer was not accepted. Defendants' counsel did not contact the Fund or its counsel to discuss the default. Defendants' did nothing to defend their position in this litigation, even with knowledge of the status. In addition, Defendants did nothing to effectuate the filing of an Answer for over a month after the Defendants' counsel contacted the Court. Furthermore, Defendants delayed hiring local counsel until when on October 19, 2006, when they retained SRGPE, counsel admitted to practice in this Court. Defendants, again, have not offered any reason for the delay.

On October 20, 2006, SRGPE attempted to again file an Answer in the case, clearly after time had passed to answer and after default was entered and a Motion for Default Judgment was submitted. Finally, on October 24, 2006, SRGPE filed the latest pleading which contains not one statement of the specific points of law and authority that support the motion in order to vacate the default entered. Defendants' counsel merely states that because the Plaintiff was served twice with the Defendants' Answer therefore, they should be permitted to have the default

vacated even though they ignored their responsibility to act. Defendants are using this process to further delay the progress of this action and their obligation to pay.

The Defendants had notice of their default and that litigation was imminent as stated in the Fund's June 14, 2006 letter. They were then served with the Complaint and finally, served a copy of the Motion for Default Judgment. The Defendants cannot claim that they did not know the status of this case. The Defendants did nothing before the litigation commenced, during the time before the litigation was progressing and did not act until six weeks after the Motion for Default Judgment was filed (over two months after they were served with the Complaint). Defendants willfully disregarded the pending action just as they have willfully disregarded their obligations to the Fund.

3. **Prejudice to Plaintiff**

Defendants have presented no facts or evidence to support their position that the Fund will not be prejudiced if the default is set aside and a final decision in this matter further delayed. On the contrary, any delay in this matter will prejudice the Fund further. The courts have found that delay in realizing satisfaction on a claim rarely establishes the degree of prejudice sufficient to preclude the setting aside of a default judgment because the default is usually entered at an early stage of the proceedings. See Rockwell Transportation Services v. International Printing and Envelope Company, 2002 U.S. Dist. LEXIS 8988 (E.D. Pa 2002). However, the long delay of Defendants in filing the current motion, following months of repeatedly ignoring and disregarding the communications of the Fund and the Court, as described above, will in fact prejudice the Fund because the Company has ceased operating and as such, collectibility is uncertain at best, let alone if the Plaintiff is forced to further litigate this issue which will only increase Defendants' liability and deplete the remaining assets of the Company.

Ultimate collectibility of contributions from a delinquent employer is always a problem. See, e.g. <u>Huge v. Long's Hauling Company</u>, 590 F.2d 457, 465 n.11 (3d Cir. 1978) (granting preliminary injunction to avoid potentially uncollectible judgment as a result of dissipation of assets during proceeding). The likelihood of successful recovery diminishes rapidly with the passage of time as assets disappear. This is demonstrated in the case as bar as Defendants have closed the business to avoid their prior obligations. The need to have these types of actions resolved quickly and in the most efficient manner was the impetus behind the adoption of Section 515 of ERISA and the substantial limitations placed on employer defenses by the Courts.

Since the defenses alleged by Defendants have no support in the facts or law and will not result in any different outcome, setting aside the default and, thus, delaying the entry of judgment at additional expense to the Fund will cause the Fund substantial prejudice.

II. **DEFENDANTS' MOTION SHOULD BE DENIED FOR FAILURE TO COMPLY WITH LOCAL RULES.**

Local Rule 7.1(a) requires each motion to "include or be accompanied by a statement of the specific points of law and authority that support the motion." Contrary to this requirement, Defendants have failed to provide any such statement. Defendants have not provided any memorandum of law or affidavit to support their position. Defendants' Answer was improper for failing to comply with Local Rules and again Defendants failed to comply with the Local Rules in conjunction with this motion, is just another example of their deliberate delay in this action. While Plaintiff has responded to their Motion to the extent possible, Defendants' Motion should be denied for failure to comply with yet another local rule.

## CONCLUSION

For all of the foregoing reasons, the Fund asks that the Court deny Defendants' request to set aside the Default, and instead grant the Fund's Motion for Entry of Default Judgment.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY: s/ Kent Cprek
KENT CPREK
Bar No. 478231
KENT CPREK
Bar No. 478737
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0615/0669
Attorneys for the Fund

Date: November 8, 2006
OF COUNSEL:
Jessica L. Tortella
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0669

## CERTIFICATE OF SERVICE

I, KENT CPREK, ESQUIRE, certify under penalty of perjury, that the foregoing Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Set Aside Default Judgment and For Leave to File Answer was mailed first class mail, postage prepaid, on the date noted below to:

Michael J. Lichtenstein, Esquire
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
11921 Rockville Pike
Suite 300
Rockville, MD 20852-2743

and

Devin Lawton Palmer, Esquire
C. Bruce Lawrence, Esquire
2400 Chase Square
Rochester, NY 14604


s/ Kent Cprek
KENT CPREK, ESQUIRE


Date: November 8, 2006