UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

INTERNATIONAL UNION OF PAINTERS AND ALLIED
TRADES, DISTRICT COUNCIL NO. 4
585 Aero Drive
Cheektowaga, New York 14225, and

Glenn Chaffee, and David Sturts as TRUSTEES on behalf of
THE INTERNATIONAL UNION OF PAINTERS AND
ALLIED TRADES, LOCAL UNION NO. 150 PROMOTION
FUND AND MARKET RECOVERY FUND,
39 Saginaw Drive
Rochester, New York 14623, and

Daniel M. Boody and Jon Lehning as TRUSTEE on behalf of
THE INTERNATIONAL UNION OF PAINTERS
AND ALLIED TRADES,
DISTRICT COUNCIL NO. 4 HEALTH AND
WELFARE FUND and APPRENTICESHIP,
UPGRADING AND RETRAINING FUND                          COMPLAINT
39 Saginaw Drive, Suite #16
Rochester, New York 14623                              Civil No.

                    Plaintiffs,
    vs.

THE DI DIS CORPORATION
40 Greenleaf Street
Rochester, New York 14069

                    Defendant.

---

Plaintiffs, International Union Of Painters and Allied Trades District Council No. 4 (hereinafter "the Union"), and Glenn Chaffee and David Sturts, Trustees of Local Union No. 150 Promotion Fund and Market Recovery Fund, and Daniel M. Boody and Jon Lehning, Trustees of District Council No. 4 Health and Welfare Fund and Apprenticeship Upgrading and Retaining Fund, (hereinafter, collectively, the "Funds"), by and through their attorneys, Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, LLP as and for their Complaint against The Di Dis Corporation (hereinafter "Di Dis", or "defendant"), respectfully allege as follows:



EXHIBIT 2

## NATURE OF THE ACTION AND JURISDICTION

1. This is a civil action brought, *inter alia*, pursuant to section 502 (a) (3) and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") as amended [29 U.S.C. §§1132(a) (3), and 1145], and section 301 of the Labor-Management Relations Act of 1947 (29 U. S. C. §185) (hereinafter referred to as "LMRA") by the Union and the Trustee of the Funds for breach of contract, injunctive and other equitable relief.

2. This Complaint alleges that by failing, refusing or neglecting to comply with specific statutory and contractual obligations, defendant Di Dis violated its collective bargaining agreement (hereinafter the "CBA") with the plaintiff Union, the respective trust agreements of the Funds (hereinafter the "Trusts"), ERISA and/or LMRA.

3. Jurisdiction of this Court is invoked under the following statutes:

    (a) Section 502 (e)(1) and (f) of ERISA [29 U.S.C. §1132(e)(1) and (f)]:

    (b) Section 301 of LMRA (29 U.S.C. §185):

    (c) 28 U. S. C. §1331 (federal question); and

    (d) 28 U. S. C. §1337 (civil actions arising under the Act of Congress regulating commerce).

4. Venue properly lies in this district under section 502 (e) (2) of ERISA [(29 U. S. C. §1132 (e) (2) and section 301 of LMRA (29 U. S. C. § 185).

## PARTIES

5. Plaintiffs Glenn Chaffee, David Sturts, Daniel M. Boody and John Lehning, (hereinafter referred to as the "Trustees") are the trustees of jointly-administered, multi-employer labor-management trust funds established and maintained pursuant to various collective bargaining

agreements in accordance with sections 302 (c)(5), (c)(6) and (c)(9) of LMRA [29 U.S.C. §186(c) (5) (c) (6) and (c) (9)]. The Funds are employee benefit plans within the meaning of sections 3(1), 3(2), 3(3), and 502 (d)(1) of ERISA [29 U. S. C. §§1002 (1), (2), (3) and 1132 (d) (1)], and multi-employer plans within the meaning of sections 3(37) and 515 of ERISA [29 U. S.C. §§1002 (37) and 1145]. The purpose of the Funds is to provide various fringe benefits to eligible employees on whose behalf employers contribute to the Funds pursuant to the applicable CBA. The International Union of Painters and Allied Trades, Local Union 150 Promotion Fund and Market Recovery Fund maintain their offices and are administered at 39 Saginaw Drive, Rochester, NY 14623, and the International Union of Painters and Allied Trades, District Council No. 4 Health and Welfare Fund and Apprenticeship, Upgrading and Retraining Fund maintain their offices and are administered at 39 Saginaw Drive, Suite #16, Rochester, NY 14623.

6. The plaintiff Trustees of the Funds are fiduciaries within the meaning of sections 3(21) and 502 of ERISA [29 U.S.C. §§1002 (21) and 1132)], and bring this action in their fiduciary capacity.

7. The plaintiff Union is a labor organization within the meaning of section 301 of LMRA (29 U.S.C. §185) which represents employees in an industry affecting commerce, as defined in section 501 of LMRA (29 U.S.C. §142) and section 3(4) of ERISA [29 U.S.C. §1002(4)]. The Union is a labor organization operating as a labor union with more than seven members within the County of Erie, Town of Cheektowaga, State of New York.

8. At all times material hereto, defendant Di Dis, upon information and belief, has been a for-profit domestic corporation doing business in the State of New York, as an employer within the meaning of section 3(5) and 515 of ERISA [29 U.S.C. § § 1002 (5) and 1145], and has been an employer in an industry affecting commerce within the meaning of section 301 of LMRA (29 U.S.C. §185).

## THE CBA

9. Defendant Di Dis, on or about July 11, 2002 executed the CBA evidencing defendant's agreement to the terms of the CBA with the Union with respect to which plaintiff Funds are third-party beneficiaries, and defendant thereby agreed to comply with and to be bound by all the provisions of the CBA. Annexed hereto as **Exhibit 1** is a copy of the document Di Dis executed on or about July 11, 2002. Annexed hereto as **Exhibit 2** is a copy of the entire CBA.

10. The defendant Di Dis has not submitted any Employer Withdrawal Notice to the Union.

11. Pursuant to the terms of the CBA, defendant Di Dis is required, *inter alia*, to:

a. File Employer Statements of Payments describing hours worked by covered employees and Fund Contributions due (sometimes referred to hereinafter as "Remittance Reports") by the fifteenth (15th) day after the first of each month;

b. Pay monetary contributions to the Funds (hereinafter the "employee fringe benefit contributions"), at the rates and times set forth in the CBA, for all work performed by defendant's employees covered by the CBA;

c. Retain and remit union membership dues deducted by the employer (defendant) from each union employees' wages to the International Union of Painters and Allied Trades, District Council No. 4;

d. Permit and cooperate with the Funds and/or their authorized agents in the conduct of payroll inspections and audits of books and records of defendant including, without limitation, all payroll books and records.

## REMEDIES FOR BREACH OF OBLIGATIONS TO THE FUNDS

12.     Pursuant to the terms of the CBA and Section 515 of ERISA (29 U.S.C. §1145), employees such as defendant are required to pay employee fringe benefit contributions and Union membership dues (collectively, "the contributions") to plaintiffs in accordance with the terms and conditions of the CBA.

13.     Failure to make such payment or to timely effect payment of the contributions constitutes a violation of the CBA, and of Section 515 of ERISA (29 U.S.C. §1145).

14.     Section 502 of ERISA (29 U.S.C. §1132) provides that, upon finding of an employer violation as set forth above, the plaintiffs shall be awarded the unpaid contributions, plus interest and liquidated damages on the unpaid and/or untimely paid contributions (both computed at the rate provided under a fund's plan or, if none, at the rate prescribed under section 6621 of Title 26 of the United States Code [26 U. S. C. §6621)], together with reasonable attorneys' fees and costs of the action, and such other legal or equitable relief as the court deems appropriate.

## AS AND FOR A CLAIM FOR RELIEF

### (STIPULATION FOR ENTRY OF JUDGMENT)

15.     Plaintiffs repeat and reallege each and every allegation contained in paragraph 1 through 14 of this Complaint, as if fully set forth herein.

16.     Upon information and belief, Union members were employed by defendant between July 1, 2003 and February 28, 2006 and performed work during said period for defendant which was covered by the CBA. Any covered work performed for defendant by covered employees requires, pursuant to the CBA, that defendant pay contributions according to

the hours worked by the covered employees.

17.   Upon information and belief, Defendant failed to timely file the required Employer Statement of Payments with plaintiffs detailing the times and dates of hours worked by covered employees, as required by the CBA.

18.   The defendant failed to timely pay contributions due and owing to the plaintiffs, as required by the CBA.

19.   Defendant's failure to timely file the Employer Statements and to timely pay the contributions constitute violations of the CBA and §505 of ERISA (29 U.S.C. §1145).

20.   Defendant entered into a certain Forbearance Agreement, a true copy of which is annexed hereto as **Exhibit 3**, whereby defendant, in exchange for the agreement of the plaintiff to temporarily (but for no definite time period) forbear collecting delinquent contributions due and owing, agreed to pay the plaintiffs (a) a lump sum amount of $35,000.00 on or before April 30, 2006 toward the delinquency (b) monthly payments towards the delinquency of $16,046.20 for eight consecutive months on the last day of each month beginning May 31, 2006 through and including December 30, 2006, all as more fully set forth and described in the Forbearance Agreement (**Exhibit 3**) annexed hereto, and expressly made a part hereof.

21.   Defendant breached the Forbearance Agreement paragraph 2(a) and defaulted on the same by failing to pay the lump sum amount of $35,000.00 by April 30, 2006 to plaintiffs. Defendant further breached the Forbearance Agreement by failing to pay regular, on-going monthly payments required by paragraph 2(b) of the Forbearance Agreement.

22.   Defendant executed a Stipulation For Entry of Judgment, a true copy of which is annexed hereto as **Exhibit 4**, and expressly made a part hereof.

23.   The Stipulation for Entry of Judgment executed by the defendant confesses judgment in the amount of $163,369.57 in favor of plaintiffs, and authorizes plaintiff to enter

judgment, without any further notice to defendant, for that amount against defendant is in the event of a default by defendant under the terms of the Forbearance Agreement.

24.  Defendant is, and continues to be, in default under the terms of the Forbearance Agreement.

25.  The Stipulation for Entry of Judgment states that defendant will receive credit against the $163,369.57 judgment for payments made to the plaintiffs after execution of the Stipulation For Entry of Judgment.

26.  The defendant made payments to the plaintiffs after the April 14, 2006 execution of the Stipulation For Entry of Judgment in the total amount of $20,470.97.

27.  Accordingly, pursuant to the terms of the Forbearance Agreement and Stipulation for Entry of Judgment, the Court must grant judgment for plaintiffs in the amount of $142,898.60, to be paid by defendant.

**WHEREFORE**, the Plaintiff Union, and the plaintiff Funds by their Trustees demand Judgment:

(a)  On plaintiff's First Claim for Relief, against defendant Di Dis for payment of $142,898.60, pursuant to the Stipulation For Entry of Judgment; and

(b)  for such other and further relief as the Court may deem just and proper.

Dated:     June 12, 2006
           Buffalo, New York

                                    s/Mark L. Stulmaker
                                    Mark L. Stulmaker, Esq.
                                    LIPSITZ, GREEN, FAHRINGER,
                                    ROLL, SALISBURY & CAMBRIA, LLP
                                    Attorneys for Plaintiffs
                                    42 Delaware Avenue, Suite 300
                                    Buffalo, NY 14202
                                    (716) 849-1333 ext. 358

213641v1
32474.0034                              7