IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 06-1308 (RMU) |
| THE DI DIS CORPORATION a/k/a The DiDis Corporation, *et al.* | ) ) ) | |

## PLAINTIFF/COUNTERCLAIM DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIM

Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Fund"), Political Action Together – Legislative and Educational Committee ("PATLEC"), Political Action Together – Political Committee ("PATPC"), International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund ("Apprenticeship Fund") and The Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI") (the LMCI, PATLEC, PATPC and Apprenticeship Fund are jointly referred to as "Ancillary Funds" and together with Fund, "Pension Fund" or "Plaintiff"), by and through undersigned counsel, hereby answers the counterclaim of Defendants, The Di Dis Corporation a/k/a The DiDis Corporation ("Company") and Nicholas Distante ("Individual Defendant" and jointly with Company, Defendants/Counterclaim Plaintiffs"), in the above-captioned matter as follows:

### COMPLAINT

1-49.  Plaintiff/Counterclaim Defendant incorporates by reference the allegations of Paragraphs 1 through 49 of its Complaint by way of Answer to Defendants/Counterclaim Plaintiffs' claims.

171890_1.DOC

## FIRST COUNTERCLAIM

50. Paragraph 59 of the Defendants/ Counterclaim Plaintiffs contains no averment of fact and requires no response. By way of a further answer, under ERISA 29 U.S.C. §1132(g)(2) an award by the court of reasonable attorneys' fees is proper "[in] any action under this subchapter by a *fiduciary for or on behalf of a plan to enforce section 1145 of this title* in which a judgment in favor of the plan is awarded..." (emphasis added). In addition, under ERISA 29 U.S.C. §1132(g)(1) allows for an award of attorneys' fees and costs to either party if the action is "...any action under this subchapter (other than an action described in paragraph (2)) ..." The current action is an enforcement under section 1145 of ERISA subchapter 2 and therefore, subchapter one does not apply. As such, Defendants are not entitled to an award of attorneys' fees and costs under ERISA.

Wherefore Plaintiff/Counterclaim Defendant requests that Defendants/Counterclaim Plaintiffs' Counterclaim be denied and dismissed in its entirety and that judgment be entered in its favor and against Defendants/Counterclaim Plaintiffs.

## SECOND COUNTERCLAIM

51. Plaintiff/Counterclaim Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 60 of the Counterclaim and, therefore, deny same.

52. Paragraph 61 of Defendants' Answer and Counterclaims are legal conclusions to which no response is required. To the extent an answer is required, the allegation in Paragraph 61 of the Counterclaim is denied.

53. Plaintiff/Counterclaim Defendant denies the allegations in Paragraph 62 of the Counterclaim.

Paragraph 63 of Defendants' Answer and Counterclaims are legal conclusions to which no response is required. To the extent an answer is required, the allegation in Paragraph 63 of the Counterclaim is denied.

52. Plaintiff/Counterclaim Defendant denies the allegations in Paragraph 64 of the Counterclaim.

53. Plaintiff/Counterclaim Defendant denies the allegations in Paragraph 65 of the Counterclaim.

54. Plaintiff/Counterclaim Defendant denies the allegations in Paragraph 64 (improperly numbered as an additional Paragraph 64 and should be Paragraph 66) of the Counterclaim.

Wherefore Plaintiff/Counterclaim Defendant requests that Defendants/Counterclaim Plaintiffs' Counterclaim be denied and dismissed in its entirety and that judgment be entered in their favor and against Defendants/Counterclaim Plaintiffs and that Plaintiff/Counterclaim Defendant be awarded all attorneys' fees and costs which accrue as a result of Plaintiff/Counterclaim Defendant defending the frivolous and unsupported counterclaims alleged by the Defendant/Counterclaim Plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants/Counterclaim Plaintiffs' Counterclaim fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants/Counterclaim Plaintiffs' Counterclaim is barred, in whole or in part, for lack of subject matter jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

Defendants/Counterclaim Plaintiffs' Counterclaim is barred, in whole or in part, by applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Defendants/Counterclaim Plaintiffs' Counterclaim is preempted by the National Labor Relations Act and/or Labor Management Relations Act and/or the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff/Counterclaim Defendant is the International Painters and Allied Trades Industry Pension Fund and its Ancillary Funds.

The Complaint filed in the United States District Court for the Western District of New York (Civil Action No. 06-CV-0382A) was filed by the following parties: International Painters and Allied Trades, District Council No. 4, Glenn Chaffee, David Sturts, as Trustees on behalf of The International Union of Painters and Allied Trades, Local Union No. 150 Promotion Fund and Market Recovery Fund, Daniel M. Boody and Jon Lehning , as Trustees on behalf of The International Union of Painters and Allied Trades, District Council No. 4 Health and Welfare

Fund and Apprenticeship, Ungrading and Retraining Fund. As such, Plaintiff is not requesting the same relief in two separate actions. In addition, venue lies in the District of Columbia under 29 U.S.C. §§185(a) or 1132(e)(2).

                                            Respectfully submitted,

                                            JENNINGS SIGMOND, P.C.

                                            BY: s/ Sanford G. Rosenthal
                                                 SANFORD G. ROSENTHAL
                                                 Bar No. 478737
                                                 The Penn Mutual Towers, 16th Floor
                                                 510 Walnut Street, Independence Square
                                                 Philadelphia, PA 19106-3683

Date: May 2, 2007                      (215) 351-0611/0669
                                                 Attorneys for the Fund

OF COUNSEL:
Jessica L. Tortella
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0669

## CERTIFICATE OF SERVICE

I, SANFORD G. ROSENTHAL, ESQUIRE, state, under penalty of perjury, that I caused the foregoing Plaintiff/Counterclaim Defendant's Answer and Affirmative Defenses to be served electronically through the CM/ECF System and/or first class mail, postage prepaid on the date and to the address below::

>Michael Joshua Lichtenstein
>Bingham Mccutchen, LLP
>2020 K Street, NW
>Washington, DC 20006
>
>and
>
>C. Bruce Lawrence, Esquire
>2400 Chase Square
>Rochester, NY 14604

Date: May 2, 2007                                      BY: s/ Sanford G. Rosenthal
                                                                          SANFORD G. ROSENTHAL

171890_1.DOC