UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



INTERNATIONAL PAINTERS AND ALLIED )
TRADES INDUSTRY PENSION FUND )
)
      Plaintiff, )
)
v. )   Civil Action No. 1:06CV01308
)
THE DI DIS CORPORATION )   Judge: Ricardo M. Urbina
a/k/a The DiDis Corporation )   Deck Type: Labor/ERISA
)   (non-employment)
and )
)
NICHOLAS DISTANTE )
)
      Defendants. )

## CONSENT ORDER AND JUDGMENT AGAINST THE DI DIS CORPORATION
### a/k/a THE DIDIS CORPORATION ONLY

Upon consideration of the Joint Stipulation for Entry of Amended Consent Order and Judgment, it is ORDERED:

1. Judgment is entered in favor of the International Painters and Allied Trades Industry Pension Fund ("Pension Fund") and against The Di Dis Corporation a/k/a The DiDis Corporation ("Company"), for unpaid contributions, liquidated damages, late charges, interest, and attorneys' fees and costs pursuant to 29 U.S.C. §§1132(g)(2), 1145 and 26 U.S.C. §6621 in the amount of $163,939.56 ("Judgment Amount") which includes:

| | | |
|---|---|---|
| (a) | Contributions (for 12/05 through 6/06) | $73,051.45 |
| (b) | Late Charges | $4,740.36 |
| (c) | Accrued Interest (to 7/15/07) | $5,983.28 |
| (d) | Liquidated Damages | $56,242.36 |

185639-1

  (e) Attorneys' Fees & Costs (to 7/20/07)  $25,481.91

         **TOTAL**  **$163,939.56**

  2. The contribution amount set forth in ¶1(a) is based on remittance reports prepared by Company and submitted to the Pension Fund from information within the sole and exclusive custody and control of Company. Company represents and warrants that the aforesaid remittance reports accurately reflect its contractual and legal obligations to the Pension Fund for periods through and including June 2006. Notwithstanding the foregoing, the Pension Fund shall have the right to conduct an audit of all periods on and after January 1, 2002, including periods covered by this Order, and nothing herein shall be deemed a waiver or release by the Pension Fund to any additional contributions or other sums that may be found to be due and owing. Company and its owners, officers, agents, servants, employees and all persons acting on their behalf or in conjunction with them, shall be and are hereby restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by the Pension Fund and shall produce all books and records requested by the auditor and/or the Trustees of the Pension Fund, including, but not limited to, payroll, wage, general ledger and cash disbursement records, compensation insurance audits, and any other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to the Pension Fund. Company shall pay to the Pension Fund any additional amounts found owing, plus such other amounts as set forth in the collective bargaining agreement, the trust agreements and rules and regulations of the Pension Fund, ERISA and applicable law.

  3. The Pension Fund is entitled to reimbursement from Company of all attorneys' fees and costs it incurs to enforce this Consent Order and Judgment and may apply to this Court

or to the Court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in ¶1(e) above. See, 29 U.S.C. §1132(g)(2) and Free v. Briody, 793 F2d. 807 (7th Cir. 1986).

4. The Clerk of the Court may immediately certify this Consent Order and Judgment for transfer upon the request of Plaintiff and payment of any required fee.

BY THE COURT

Dated: 7/30/07

_____ J.
Ricardo M. Urbina

Copies to:

Sanford G. Rosenthal, Esquire
Jerome A. Flanagan, Esquire
Jennings Sigmond, P.C.
The Penn Mutual Towers, 16th Fl.
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683

Attorneys for the Plaintiff


Michael J. Lichtenstein, Esquire
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
11921 Rockville Pike, 3rd Floor
Rockville, Maryland 20852

C. Bruce Lawrence, Esquire
Boylan, Brown, Code, Vigdor & Wilson, LLP
2400 Chase Square
Rochester, New York 14604

Attorneys for Defendants